961 F.2d 964
 295 U.S.App.D.C. 210
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Kenan NAMELI, Appellant.
 No. 91-3278.
 United States Court of Appeals, District of Columbia Circuit.
 May 7, 1992.
 
 Before MIKVA, Chief Judge and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated by the district judge at the August 6, 1991 hearing and in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Kenan Nameli argues that the district court erred in admitting the physical evidence and statements made following his arrest because they were obtained as the result of an unconstitutional seizure. See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963). Although appellant contends he did not consent to Officer Centrella's search of his person, the record amply supports the district court's finding that he did give consent. Appellant further contends that, assuming he consented to the search, his consent was rendered ineffective by an anterior, illegal seizure of his person. See Florida v. Royer, 460 U.S. 491, 507-08 (1983).
 
 
 5
 Appellant argues that a reasonable person in his position would have believed that he was the target of a narcotics investigation and thus was not free to leave. What may have begun as a consensual encounter became a seizure, appellant asserts, when Centrella, doubting appellant's statement that he had no luggage, checked to make certain that all bags on board belonged to other passengers. It was clear at this point, appellant relates, that he had become the focus of Centrella's investigation. See United States v. Cordell, 723 F.2d 1283, 1285 (7th Cir.1983) (police informed defendant they were conducting drug investigation, creating impression that defendant was suspect in the investigation and thus was not free to leave), cert. denied, 465 U.S. 1029 (1984); United States v. White, 890 F.2d 1413, 1416 (8th Cir.1989) (consensual encounter ripened into seizure when the defendant was told he exhibited characteristics of a drug trafficker); United States v. Saperstein, 723 F.2d 1221, 1226 (6th Cir.1983) (defendant was seized when DEA agent told him he was a suspected drug courier).
 
 
 6
 It is well-settled in this circuit that no seizure occurs in typical drug interdiction interviews. See, e.g., United States v. Lewis, 921 F.2d 1294, 1297-1300 (D.C.Cir.1990). In light of the district court's finding that the police conduct was, indeed, typical, appellant has presented no cause for disturbing or distinguishing settled precedent. Unlike the officers in White and Saperstein, we note, Centrella never told appellant that he was suspected of transporting narcotics. Furthermore, this court has rejected the Seventh Circuit's reasoning in Cordell that once a narcotics officer identifies himself, a reasonable person feels compelled to cooperate. See United States v. Maragh, 894 F.2d 415, 416, 419 (D.C.Cir.), cert. denied, 111 S.Ct. 214 (1990).
 
 
 7
 Finally, the fact that all other passengers on the train cooperated with Centrella's request that they identify their luggage does not demonstrate that a reasonable person would have believed he or she was required to comply with the officer's requests. Most persons, we may assume, respond to police inquiries. The absence of advice that one is free not to respond, however, "hardly eliminates the consensual nature of the response." I.N.S. v. Delgado, 466 U.S. 210, 216 (1984).